UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GREGORY WEEKS,

Plaintiff,

v. Case No: 6:15-cv-562-Orl-40TBS

RABELLA HOSPITATLITY, INC., DILESH ENTERPRISES, LLC and DIPAK K. PATIDAR,

Defendants.

---

## REPORT AND RECOMMENDATION

Pending before the Court are the parties' Joint Motion for Approval of FLSA Settlement Agreement (Doc. 17), and Renewed Joint Motion for Approval of FLSA Settlement Agreement (Doc 19). After due consideration I respectfully recommend that the original motion be denied as moot and that the amended motion be granted.

### I. Background

Plaintiff Gregory Weeks alleges that from on or about April 15, 2014 through January 18, 2015, he was employed by Defendants Rabella Hospitality, Inc., Dilesh Enterprises, LLC and Dipak K. Patidar as a salaried maintenance worker, performing his duties at Defendants' hotel in Indialantic, Florida (Doc. 1, ¶¶ 8, 19).[1] He further alleges that Defendants are an enterprise for purposes of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (Id., ¶¶ 10-14). Plaintiff complains that he regularly worked in excess of 40 hours per week, Defendants did not properly record his work hours, and that

---

[1] The parties agree that Rabella Hospitality, Inc. was improperly named as a Defendant and that Ganpati Hospitality, LLC is the correct Defendant (Doc. 19-1 at 2).

his gross weekly wages fell below the statutory minimum wage during one or more workweeks (Id., ¶¶ 23-25). In his complaint, Plaintiff seeks overtime at the rate of one and one-half his regular rate of pay for each hour worked in excess of 40 per week, and Florida statutory minimum wages (Doc. 1). Defendants deny liability and have interposed ten affirmative defenses to Plaintiff's claims (Doc. 10).

On August 19, 2015, the parties filed their Joint Motion for Approval of FLSA Settlement Agreement (Doc. 17). After reading the motion I entered an Order informing the parties that I had numerous reservations about their settlement agreement (Doc. 19). I also gave the parties an opportunity to address my concerns (Id.). The parties filed their amended motion in response to the concerns expressed in my Order (Doc. 19).

The material terms of the parties' settlement agreement ("Settlement Agreement") (Doc. 19-1), include Defendants' promise to pay Plaintiff $2,125 for unpaid minimum wages and overtime; $2,125 in liquidated damages; and $3,250 as attorney's fees (Id., ¶ 1). Plaintiff has promised that he has no other claims against Defendants for hours worked during his employment by them, and that he will not file or join any lawsuits alleging wage and hour issues against Defendants (Id., ¶ 3). Plaintiff has agreed not to apply for future employment by, or provide services to Defendants, and they have agreed to give Plaintiff a neutral job reference (Id., ¶ 5). If the parties' settlement is approved by the Court, the case will be dismissed with prejudice (Id., ¶ 2).

## II. Legal Standard

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food

Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

The district court must scrutinize the parties' settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the parties' settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor.

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

## III. Discussion

The parties are all represented by counsel, they have engaged in discovery, and have arrived at a negotiated settlement (Doc. 19 at 3-5). Nothing in the record suggests the existence of fraud or collusion in the making of the Settlement Agreement. Counsel agree that the settlement they negotiated represents a reasonable compromise of

disputed issues (Id., at 5). And, Plaintiff represents that at most, he is entitled to approximately $8,000 should he prevail at trial (Id., at 4). The likelihood that Plaintiff would succeed at trial is unknown. On this record, I recommend the Court find that the parties' Settlement Agreement represents a fair and reasonable compromise and settlement of a bona fide dispute.

The parties represent that Plaintiff's attorney's fees were negotiated separately and without regard to the amount of Plaintiff's recovery (Id., at 5). This is sufficient to meet the requirements of Bonetti v. Embarq Mgmt. Co., 715 F.Supp.2d 1222, 1226 (M.D. Fla. 2009), and its progeny. In addition, based upon my own knowledge of the market rate for these types of legal services, I conclude that the amount of attorney's fees to be paid to Plaintiff's counsel is reasonable.

## IV. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Court:

(1) **FIND** that the Settlement Agreement is a fair and reasonable settlement of a bona fide dispute;

(2) **APPROVE** the Settlement Agreement;

(3) **GRANT** the parties' Amended Joint Motion for Approval of FLSA Settlement Agreement (Doc. 19);

(4) **DENY as moot** the parties' Joint Motion for Approval of FLSA Settlement Agreement (Doc. 17);

(5) **DISMISS** this case with prejudice; and

(6) **DIRECT** the Clerk to close the file.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after

service of this report and recommendation. A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 9, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record